FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 6 2017

JAMES W. McCORMACK, CLERK
By:_____
                     DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| WILLIAM LEMONS,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SUPERIOR PROTECTION SERVICES, INC.<br>D/B/A ADVERT GROUP USA<br><br>*Defendant.* | Civil Action No. 4:17-CV-567-KGB<br><br>This case assigned to District Judge Baker<br>and to Magistrate Judge Kearney<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23 |

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

William Lemons brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant Superior Protection Services, Inc., d/b/a Advert Group USA ("Advert Group"), and who were paid a salary, without overtime premiums, from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and pursuant to the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his AMWA claims are asserted as a class action under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and a class action pursuant to the AMWA and FED. R. CIV. P. 23, to recover overtime wages.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Advert Group at any time since September 6, 2014, through the final disposition of this matter, and who were paid a salary, and who did not receive overtime for all hours worked over forty (40) in each workweek.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek; however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Advert Group not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5. Advert Group knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the AMWA.

7. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the AMWA as a class action pursuant to FED. R. CIV. P. 23.

8. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the existence of this action and to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

9. Plaintiff also prays that the Rule 23 class is certified as defined herein and that Plaintiff be designated Class Representative.

## II.
## THE PARTIES

10. Plaintiff William Lemons ("Lemons") worked for Advert Group within the meaning of the FLSA and the AMWA within the relevant three-year period.

11. Plaintiff Lemons did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members include those current and former employees who worked for Advert Group since September 6, 2014 and have been subjected to the same illegal pay system under which Plaintiff Lemons worked and was paid.

13. Superior Protection Services, Inc. d/b/a Advert Group USA ("Advert Group") is an Arkansas for-profit corporation and may be served through its registered agent for service: **Amber McMunn, 17 Skylar Cove, Cabot, Arkansas 72023**.

## III.
## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15. This Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a).

---

[1] The written consent of William Lemons is attached hereto as Exhibit "A."

16.     This Court has personal jurisdiction over Advert Group because the cause of action arose within this District as a result of Advert Group's conduct within this District.

17.     Venue is proper in the Eastern District of Arkansas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18.     Specifically, Advert Group is headquartered in Cabot, Lonoke County, Arkansas, which is located in this District and Division.

19.     Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20.     Advert Group provides armed and unarmed security and training services[2] to clients in Arkansas, Oklahoma, Mississippi, Alabama and Tennessee.[3]

21.     To provide their services, Advert Group employed numerous workers—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the field of armed and unarmed security and training services.

22.     Plaintiff Lemons worked for Advert Group as a security officer from approximately January of 2017 until August of 2017.

23.     Advert Group paid Plaintiff and the Putative Class Members a salary but no overtime. Specifically, Plaintiff Lemons was paid $500.00 each week but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

---

[2]     http://www.advertgroupusa.com/home.html.

[3]     http://www.advertgroupusa.com/locations.html.

24. Plaintiff and the Putative Class Members' primary job duties included providing armed and unarmed security and training services to Advert Group's clients in Arkansas, Oklahoma, Mississippi, Alabama and Tennessee.

25. Although it is well known that security workers like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, Advert Group did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

26. Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Advert Group and/or its clients.

27. Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Advert Group and/or its clients.

28. Virtually every job function was pre-determined by Advert Group and/or its clients, including the operational plans in place at each job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

29. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

30. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

31. Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

32. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Cole or its customers.

33. The FLSA and the AMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

34. Advert Group denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

35. Advert Group applied this pay practice despite clear and controlling law that states that the routine duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

36. Accordingly, Advert Group's pay policies and practices blatantly violated (and continue to violate) the FLSA and the AMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
(Collective Action Alleging FLSA Violations)

**A.      FLSA COVERAGE**

37. All previous paragraphs are incorporated as though fully set forth herein.

38. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF SUPERIOR PROTECTION SERVICES, INC. D/B/A ADVERT GROUP USA, AT ANY TIME FROM SEPTEMBER 6, 2014, THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID A SALARY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

39. At all times hereinafter mentioned, Advert Group has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. At all times hereinafter mentioned, Advert Group has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. At all times hereinafter mentioned, Advert Group has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

42. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Advert Group, these individuals provided security services for Advert Group and its clients that involved interstate commerce for purposes of the FLSA.

43. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44. Specifically, Plaintiff and the FLSA Collective Members are (or were) ***non-exempt*** employees who worked for Advert Group and were engaged in providing armed and unarmed security and training services to clients in Arkansas, Oklahoma, Mississippi, Alabama and Tennessee. 29 U.S.C. § 203(j).

45. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

46. In violating the FLSA, Advert Group acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

47. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 38.

48. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Advert Group.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Advert Group violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

51. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Advert Group's acts or omissions as described herein; though Advert Group is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

52. Moreover, Advert Group knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

53. Advert Group knew or should have known its pay practices were in violation of the FLSA.

54. Advert Group is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

55. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Advert Group to pay overtime in accordance with the law.

56. The decision and practice by Advert Group to not pay overtime was neither reasonable nor in good faith.

57. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

60. Other similarly situated employees have been victimized by Advert Group's patterns, practices, and policies, which are in willful violation of the FLSA.

61. The FLSA Collective Members are defined in Paragraph 38.

62. Advert Group's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

63. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

65. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

66. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar security workers entitled to overtime after forty (40) hours in a week.

67. Advert Group employed a substantial number of similarly situated security workers since September 6, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

68. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Advert Group will retain the proceeds of its rampant violations.

69. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

70. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 38 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the AMWA)

### A.   AMWA COVERAGE

71. All previous paragraphs are incorporated as though fully set forth herein.

72. The Arkansas Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF SUPERIOR PROTECTION SERVICES, INC. D/B/A ADVERT GROUP USA, WHO WORKED IN ARKANSAS AT ANY TIME FROM SEPTEMBER 6, 2014, THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID A SALARY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("Arkansas Class" or "Arkansas Class Members").**

73. At all times hereinafter mentioned, Advert Group has been an employer within the meaning of the AMWA.

74. At all times hereinafter mentioned, Plaintiff and the Arkansas Class Members have been employees within the meaning of the AMWA.

75. Plaintiff and the Arkansas Class Members were or have been employed by Advert Group since September 6, 2014, and have been covered employees entitled to the protections of the AMWA and were not exempt from the protections of the AMWA.

76. The employer, Advert Group, is not exempt from paying overtime benefits under the AMWA.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AMWA**

77. All previous paragraphs are incorporated as though fully set forth herein.

78. The AMWA requires that employees, including Plaintiff and the Arkansas Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

79. Plaintiff and the Arkansas Class Members were or have been employed by Advert Group since September 6, 2014, and have been covered employees entitled to the protections of the AMWA.

80. Advert Group is an employer covered by the requirements set forth in the AMWA.

81. Plaintiff and other Arkansas Class Members have not been exempt from receiving overtime benefits under the AMWA.

82. Plaintiff and the Arkansas Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Advert Group violated the AMWA by failing to pay Plaintiff and other Arkansas Class Members any overtime premium for hours worked over 40 per week.

83. Plaintiff and the Arkansas Class Members have suffered damages and continue to suffer damages as a result of Advert Group's acts or omissions as described herein; though Advert Group is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages

84. In violating the AMWA, Advert Group acted willfully, without a good faith basis, and with reckless disregard of applicable Arkansas law.

85. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the AMWA, is defined in Paragraph 72.

86. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Advert Group.

**C. ARKANSAS CLASS ALLEGATIONS**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. Plaintiff brings his Arkansas claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Advert Group to work in Arkansas since September 6, 2014.

89. Class action treatment of Plaintiff's AMWA claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

90. The number of Arkansas Class Members is so numerous that joinder of all class members is impracticable.

91. Plaintiff is a member of the Arkansas Class, his claims are typical of the claims of other Arkansas Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

92. Plaintiff and his counsel will fairly and adequately represent the Arkansas Class Members and their interests.

93. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

94. Accordingly, the Arkansas Class should be certified as defined in Paragraph 72.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Advert Group as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 38 and requiring Advert Group to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order certifying the Arkansas Class as defined in Paragraph 72, and designating Plaintiff as Representative of the Arkansas Class;

c. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Advert Group liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f. For an Order pursuant to the AMWA awarding Plaintiff and the Arkansas Class Members unpaid overtime and other damages allowed by law;

g.  For an Order awarding the costs and expenses of this action;

h.  For an Order awarding attorneys' fees;

i.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j.  For an Order awarding Plaintiff a service award as permitted by law;

k.  For an Order compelling the accounting of the books and records of Advert Group, at Advert Group's own expense;

l.  For an Order providing for injunctive relief prohibiting Advert Group from engaging in future violations of the FLSA and the AMWA, and requiring Advert Group to comply with such laws going forward; and

m.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   September 6, 2017

Respectfully submitted,

SANFORD LAW FIRM, PLLC

By: _____
**Josh Sanford**
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

**ANDERSON2X, PLLC**

By:   **Clif Alexander**
*(Pro Hac Vice Forthcoming)*
Tex. Bar No. 24064805
clif@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279

***Attorneys in Charge for Plaintiff and the Putative Class Members***

## CONSENT TO JOIN WAGE CLAIM

Print Name: William Lemons

1. I hereby consent to participate in a collective action lawsuit against **SUPERIOR PROTECTION SERVICES, INC. DBA ADVERT GROUP USA** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON2X, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON2X, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: William Lemons (Aug 22, 2017)

Date: Aug 22, 2017