**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WILLIAM LEMONS,**                                     **PLAINTIFF**
**Individually and On Behalf**
**Of All Other Similarly Situated**

**v.**                 **CASE NO. 4:17-CV-00567-KGB**

**SUPERIOR PROTECTION SERVICES, INC.**           **DEFENDANT**
**D/B/A ADVERT GROUP USA**

## ANSWER TO ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Comes Now Defendant Superior Protection Services, Inc. d/b/a Advert Group USA (Advert ), by and through its undersigned counsel, Cross, Gunter, Witherspoon & Galchus, P.C., and for its Answer to Plaintiff's Original Class/Collective Action Complaint ("Plaintiff's Complaint"), states:

Advert admits that Plaintiff brings this action on behalf of himself and a proposed class/collective action comprised of current and former salaried Advert employees alleging violations of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). Plaintiff's "hybrid" class/collective action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 is unsubstantiated, unnecessary, and his allegations of wrongdoing by Advert are without merit.

## I.     OVERVIEW

1.     Advert admits that Plaintiff purports to bring this action as a class and collective action but denies failing to pay wages in accordance with any applicable law. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

1

2.      Paragraph 2 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent any such response is required, it is denied.

3.      Advert admits that Plaintiff did not receive overtime pay but denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.  Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

4.      Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent any such response is required, Advert denies said allegations.

5.      Paragraph 5 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent any such response is required, Advert denies said allegations.

6.      Paragraph 6 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent any such response is required, Advert denies said allegations.  Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

7.      Advert admits that Plaintiff seeks to recover unpaid overtime and other damages but denies that Plaintiff or any other individual is entitled to any such relief.   Advert affirmatively states that Plaintiff and all other employees are paid in compliance with federal and state laws.  Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

8.      Advert admits that Plaintiff seeks to conditionally certify the putative collective action class but denies that conditional certification is appropriate in this case.

9.      Advert admits that Plaintiff seeks to certify a Rule 23 of which he is the class representative but denies that class certification is appropriate in this case.

2

## II.      THE PARTIES

10.      Advert admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.      Advert admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.      Advert denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.      Advert admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

## III.      JURISDICTION & VENUE

14.      Advert admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.      Advert denies the allegations contained in paragraph 15 of Plaintiff's Complaint.
Advert affirmatively states that Plaintiff was never employed to work in the State of Arkansas.

16.      Advert denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.      Advert denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.      Advert admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.      Advert denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

## IV.      ADDITIONAL FACTS

20.      Advert denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.      Advert admits that it has employed multiple workers.  Advert denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.      Advert admits that it employed Plaintiff from January 26, 2017 until August 2, 2017.

23.      Advert admits that is paid Plaintiff a salary.  Advert denies the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.      Advert denies the allegations in paragraph 24 of Plaintiff's Complaint.

231770

25.     Advert admits that it did not pay Plaintiff overtime pay.   Advert denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Advert states that these allegations are unclear and ambiguous, and, therefore, denies the allegations contained in paragraph 26 of Plaintiff's Complaint.   Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

27.     Advert denies the allegations contained in paragraph 27 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

28.     Advert denies the allegations contained in paragraph 28 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

29.     Advert denies the allegations contained in paragraph 29 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

30.     Advert denies the allegations contained in paragraph 30 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

31.     Advert denies the allegations contained in paragraph 31 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

231770

32.     Advert denies the allegations contained in paragraph 32 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

33.     Advert admits the statement of law contained in paragraph 33 of Plaintiff's Complaint for non-exempt employees.  Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

34.     Advert denies the allegations contained in paragraph 34 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

35.     Advert denies the allegations contained in paragraph 35 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

36.     Advert denies the allegations contained in paragraph 36 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.  Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

## V.     CAUSES OF ACTION

### COUNT ONE

### A.     FLSA COVERAGE

37.     Advert incorporates by reference its responses set forth in paragraphs 1-36 above as its response to paragraph 37 of Plaintiff's Complaint.

38.     The allegations contained in paragraph 38 of Plaintiff's Complaint require no response from Advert.  To the extent a response is required, Advert denies said allegations.

231770

39.     Advert admits the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     The allegations contained in paragraph 40 of Plaintiff's Complaint are legal conclusions that require no response from Advert.  To the extent a response is required, Advert denies said allegations.

41.     The allegations contained in paragraph 41 of Plaintiff's Complaint are legal conclusions that require no response from Advert.  To the extent a response is required, Advert denies said allegations.

42.     The allegations contained in paragraph 42 of Plaintiff's Complaint are legal conclusions that require no response from Advert.  To the extent a response is required, Advert denies said allegations.

43.     Advert is without information sufficient to admit or deny and, therefore, denies the allegations contained in paragraph 43 of Plaintiff's Complaint.  Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

44.     Advert denies the allegations contained in paragraph 44 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

45.     Advert denies the allegations contained in paragraph 45 of Plaintiff's Complaint. Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

46.     Advert denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.     Advert admits the allegations contained in paragraph 47 of Plaintiff's Complaint but denies that the individuals are similarly situated for purposes of conditional certification.

231770

48.     Advert admits the allegations contained in paragraph 48 of Plaintiff's Complaint, but denies that class action is appropriate.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

49.     Advert incorporates by reference its responses set forth in paragraphs 1-48 above as its response to paragraph 49 of Plaintiff's Complaint.

50.     Advert denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Advert denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Advert denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Advert denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Advert denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Advert denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     Advert denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Advert denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

58.     Advert incorporates by reference its responses set forth in paragraphs 1-57 above as its response to paragraph 58 of Plaintiff's Complaint.

59.     Advert admits the allegations contained in paragraph 59 of Plaintiff's Complaint but denies that Plaintiff's proposed class are similarly situated.

60.     Advert denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     Advert admits the allegations contained in paragraph 61 of Plaintiff's Complaint but denies that Plaintiff's proposed class are similarly situated.

62.     Advert denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.     Advert denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

7

64.     Advert denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.     Advert admits that non-exempt employees are entitled to proper compensation for hours worked over forty in a work week.  Advert denies the remaining allegations contained in paragraph 65 of Plaintiff's Complaint.

66.     Advert denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     Advert is without information sufficient to admit or deny and, therefore, denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Advert denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.     Advert denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     Advert denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

## COUNT TWO

### A.     AMWA COVERAGE

71.     Advert incorporates by reference its responses set forth in paragraphs 1-70 above as its response to paragraph 71 of Plaintiff's Complaint.

72.     The allegations contained in paragraph 72 of Plaintiff's Complaint require no response from Advert.  To the extent a response is required, Advert denies said allegations.

73.     Advert admits the allegations contained in paragraph 73 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.   Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

74.     Advert denies the allegations contained in paragraph 74 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

231770

75.     Advert denies the allegations contained in paragraph 75 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

76.     Advert is without information sufficient to admit or deny and, therefore, denies the allegations contained in paragraph 76 of Plaintiff's Complaint.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AMWA**

77.     Advert incorporates by reference its responses set forth in paragraphs 1-76 above as its response to paragraph 77 of Plaintiff's Complaint.

78.     To the extent any legal statement is being made, no response is necessary.  To the extent a response is deemed necessary, Advert denies the allegations contained in paragraph 78 of Plaintiff's Complaint.  Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

79.     Advert denies the allegations contained in paragraph 79 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

80.     Advert admits the allegations contained in paragraph 80 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.   Advert affirmatively states that Plaintiff is not similarly situated to the putative class members to which he purports to represent.

81.     Advert denies the allegations contained in paragraph 81 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

231770

82.     Advert denies the allegations contained in paragraph 82 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

83.     Advert denies the allegations contained in paragraph 83 of Plaintiff's Complaint. Advert also denies that Plaintiff is subject to the AMWA as Plaintiff never worked for Advert in the State of Arkansas.

84.     Advert denies the allegations contained in paragraph 84 of Plaintiff's Complaint.

85.     The allegations contained in paragraph 85 of Plaintiff's Complaint require no response from Advert.  To the extent a response is required, Advert denies said allegations.

86.     Advert admits the allegations contained in paragraph 86 of Plaintiff's Complaint, but denies that class action is appropriate.

C.      **ARKANSAS CLASS ALLEGATIONS**

87.     Advert incorporates by reference its responses set forth in paragraphs 1-86 above as its response to paragraph 87 of Plaintiff's Complaint.

88.     Advert admits the allegations contained in paragraph 88 of Plaintiff's Complaint but denies that class action is appropriate in this case.

89.     Advert denies the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     The allegations in paragraph 90 of Plaintiff's Complaint contain conclusions of law to which Advert is not required to response.  To the extent a response is required, Advert denies said allegations.

91.     Advert denies the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     Advert denies the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.     Advert denies the allegations contained in paragraph 93 of Plaintiff's Complaint.

231770

94.     Advert denies the allegations contained in paragraph 94 of Plaintiff's Complaint.

## VI.     RELIEF SOUGHT

95.     Advert denies the allegations contained the Plaintiff's Prayer for Relief.  Advert specifically denies that Plaintiff or any other member of the putative class/collective action class is entitled to any relief whatsoever under the FLSA or AMWA, including liquidated damages or injunctive relief.

96.     Advert denies all allegations contained in Plaintiff's Complaint not specifically admitted herein.

97.     Advert reserves the right to amend the foregoing responses and/or plead further as litigation continues.

98.     Advert demands a jury trial.

## AFFIRMATIVE DEFENSES

1.      In order to preserve its affirmative defenses and pending completion of discovery, Advert affirmatively states that Plaintiff's claims and any others similarly situated are barred, wholly or in part, by estoppel, unclean hands, release, payment, laches, waiver, accord and satisfaction, or indemnification, as well as any other defenses and/or affirmative defenses contained in Fed. R. Civ. P. 8(c) and 12(h).

2.      Advert affirmatively pleads the statute of limitations as a complete bar to any claims asserted outside the appropriate statute of limitations.

3.      Advert states that the Complaint should be dismissed in its entirety because Plaintiff has failed to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b).

231770

4.      Plaintiff and any others similarly situated are barred from seeking liquidated damages or punitive damages because Advert acted in good faith and with appropriate and reasonable grounds for believing Plaintiff and/or any others similarly situated were properly compensated for all hours worked, including overtime, in compliance with the FLSA, AMWA and other applicable laws.

5.      Plaintiff's claims and any others similarly situated are barred, in whole or part, to the extent he/they failed to exercise reasonable diligence to avoid harm allegedly suffered.

6.      To the extent Plaintiff and/or any others similarly situated mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Advert must be reduced by that amount.  In addition, to the extent Plaintiff and/or any others similarly situated failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Advert must be barred.

7.      To the extent that discovery reveals Plaintiff and/or any current or former Advert employee falsely reported hours worked and there is no evidence that Advert required the false reporting of hours and no evidence that Advert knew or should have known that false hours were reported, or to the extent discovery reveals that an employee otherwise failed to follow Advert policy for reporting hours worked, the doctrine of estoppel bars the claims asserted by said plaintiff in the Complaint.

8.      Plaintiff's claims and/or claims of any others similarly situated are barred in whole or in part because actions taken in connection with their compensation were made in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, and administrative interpretations.

9.      Plaintiff and/or any others similarly situated do not have standing to bring

12

claims under the FLSA, AMWA, or any other law or legal theory on behalf of individuals who were not employed by the same employer as Plaintiff and/or not similarly situated to Plaintiff.

10.     Advert did not willfully deprive Plaintiff or any other worker of any wages to which they may have been entitled.

11.     If Plaintiff and/or any others similarly situated succeeds in establishing any violation under the FLSA, AMWA, or any other law or legal theory, and to the extent any sums are found due and owing, which is expressly denied, Advert is entitled to a set-off against said sum to the extent paid, owed, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff or any others similarly situated over and above his/their wages.

12.     All or part of Plaintiff's claims and/or any claims by others similarly situated are barred by the *de minimis* doctrine, relevant regulations, and other applicable law.

13.     All or part of the time for which Plaintiff and/or any others similarly situated seek compensation does not constitute compensable time under the FLSA, AMWA or other applicable law or legal theory.

14.     Advert affirmatively pleads that any AMWA claims brought by Plaintiff and/or any others similarly situated should be dismissed because the claim is precluded, preempted, or are incompatible with other federal claims set forth in this litigation.

15.     Any claims by Plaintiff and/or any others similarly situated are barred to the extent he/they have petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United

231770

States Bankruptcy Code, yet failed to disclose potential claims against Advert as required under applicable bankruptcy laws.

16.     Plaintiff and/or any others similarly situated are estopped from pursuing the claims set forth in Plaintiff's Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, the failure or refusal to record and report his compensable work time as required by Advert.

17.     Plaintiff and/or any others similarly situated have waived their right, if any, to pursue the claims in Plaintiff's Complaint, and each purported cause of action contained therein, by reason of his own acts, omissions, and course of conduct.

18.     Plaintiff and/or any others similarly situated are not entitled to compensation for hours he/they purportedly worked without Advert's actual or constructive knowledge.

19.     Advert affirmatively pleads that it has acted in good faith towards Plaintiff and/or any others similarly situated with respect to all compensation and terms of employment.

20.     Advert affirmatively pleads that Plaintiff's Complaint fails to state facts sufficient to justify an award of punitive damages under any law.

21.     Advert  affirmatively pleads that Plaintiff and/or any others similarly situated are not entitled to payment of overtime premiums to the extent that he or others were exempt from overtime requirements or otherwise not deemed compensable work time.

22.     Advert affirmatively pleads that, even assuming *arguendo* Plaintiff and/or any others similarly situated are entitled to any additional compensation, Advert has not willfully or intentionally failed to pay any such additional compensation to Plaintiff or others.

23.     Advert  affirmatively pleads that an award of punitive and/or exemplary damages and the substantive rules, procedures, and standards for determining whether or not to award

231770

them and, if so, in what amount, violate Advert rights to due process and equal protection under the law and under the United States Constitution.

24.     Advert affirmatively pleads that as to each cause of action for which Plaintiff and/or any others similarly situated prays for punitive damages, the standards for an award of punitive damages under state law are unconstitutionally vague under the Fourteenth Amendment to the United States Constitution, in that there are no adequate standards or guidelines (1) for determining the type of conduct on which an award of punitive damages may be based; (2) for guiding the trier of fact in deciding whether to award punitive damages; or (3) for fixing or determining the amount of any punitive damages to be awarded.  Moreover, there are inadequate procedural safeguards for awarding punitive damages in that to the extent punitive damages are imposed as punishment, none of the procedural protections required by due process for punitive proceedings, such as unanimity of verdict or proof beyond a reasonable doubt, are provided. Finally, excessive punitive damages violate the Due Process clauses of the United States and Arkansas Constitutions.

25.     The claims brought by Plaintiff and/or any others similarly situated claims are barred in whole or in part by the provisions of 29 U.S.C. § 259 because actions taken in connection with his compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

26.     The allegations brought by Plaintiff and/or any others similarly situated are not similarly situated to those of other putative class or class action members.

27.     Some members of Plaintiffs' putative collective and class action class may have

claims that are barred by the applicable statute of limitations.

28.     Certification of Plaintiff's putative collective action class would require a trial where individual issues predominate over common issues; consequently, resulting in a set of mini-trials in one action, and thereby resulting in Advert being deprived of its due process rights under the United States Constitution.

29.     Advert reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

30.     Plaintiff's Complaint fails to establish typicality, commonality, numerosity or any other requisite set forth in Fed. R. Civ. P. 23(a) for certification of the proposed class action.

31.     Plaintiff is not an adequate representative of the proposed class action identified in Plaintiff's Complaint as required by Fed. R. Civ. P. 23(a).

32.     If certified, this matter would be unmanageable as a class action.

33.     Plaintiff is not similarly situated to those of his putative class members.

34.     Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable of during the course of discovery.

WHEREFORE, Advert  requests that Plaintiff take nothing from Advert  by way of Plaintiff's Complaint, and that a judgment of dismissal be entered in favor of Advert , with prejudice; that Advert  recover its fees, costs and disbursements incurred in defending this action; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: */s/ J. Bruce Cross*
J. Bruce Cross, Ark Bar No. 74028
**CROSS, GUNTER, WITHERSPOON**
**  & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201

16

(501) 371-9999 – Telephone
(501) 371-0035 – Facsimile
Email: abtin@cgwg.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2017, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Joshua Sanford
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 41
Little Rock, AR  72211
Email: josh@sanfordlawfirm.com

And

Mr. Clif Alexander
ANDERSON2x, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
Email: clif@a2xlaw.com

*/s/ J. Bruce Cross*
 J. Bruce Cross

231770