IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILLIAM LEMONS,**
**Individually and On Behalf**
**Of All Others Similarly Situated**                                    **PLAINTIFF**

**v.**                              **Case No. 4:17-cv-00567-KGB**

**SUPERIOR PROTECTION SERVICES, INC.**
**d/b/a ADVERT GROUP USA**                                             **DEFENDANT**

<u>**ORDER**</u>

Plaintiff William Lemons, individually and on behalf of others similarly situated, filed this

action asserting claims under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. §§

201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-

4-201, *et seq.*  Before the Court is the parties joint motion to dismiss with prejudice and for

approval of settlement agreement (Dkt. No. 15).  The parties now request that the Court approve

the settlement.  Attached to the joint motion as Exhibit 2 is a settlement agreement and release of

claims ("settlement agreement") (Dkt. No. 15, Ex. 2).  The Court notes that the settlement

agreement only involves Mr. Lemons, and no other potential employees will be affected by the

resolution.

Settlement agreements resolving FLSA claims are typically subject to court approval.  *See*

*Dillworth v. Case Farms Processing, Inc.*, Case No. 5:08-cv-1694, 2010 WL 776933 at *2 (N.D.

Ohio Mar. 8, 2010) (citing 29 U.S.C. §216(b)).  Before approving a settlement, the Court must

ensure that the parties are not negotiating around the FLSA's requirements and that the settlement

represents a fair and reasonable resolution of a bona fide dispute.  *See id.* at *5; *see also Int'l*

*Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497

F.3d 615, 631 (6th Cir. 2007).

The parties assert that, for FLSA settlement agreements, a district court should approve a fair and reasonable settlement if it was reached as an arm's length resolution of contested litigation to resolve a bona fide dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. *See Melgar v. OK Foods*, No. 17-2612, 2018 WL 4100070, at *3 (8th Cir. Aug. 29, 2018) (reversing in part and remanding the district court's decision to reduce the attorney fee award in a private settlement relating to FLSA claims based on the issue of attorney fees). However, other courts have examined such settlements. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. After *Lynn's Food* was decided, other courts to examine this issue have divided the "fairness" determination into two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240-41 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, Case No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach). This Court has previously applied the *Dees* approach when analyzing settlement agreements under FLSA. *See Younger v. Centers for Youth and Families, Inc.*, Case No. 4:16-cv-00170-KGB, 2017 WL 1652561 (E.D. Ark. April 27, 2017);

*Cruthis v. Vision's*, Case No. 4:12-cv-00244-KGB, 2014 WL 4092325 (E.D. Ark. August 19, 2014).

The Court has made an independent inquiry to clarify the specific amount of costs and attorneys' fees incurred by counsel on behalf of Mr. Lemons. The Court is satisfied that the recovery is fair and reasonable for both Mr. Lemons and his counsel. Having reviewed the settlement agreement, the Court determines that the settlement agreement both provides Mr. Lemons a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants the joint motion to dismiss with prejudice and for approval of settlement agreement (Dkt. No. 15). The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided in the agreement. The Court retains exclusive jurisdiction over the performance and enforcement of the settlement agreement and this Order.

It is so ordered, this the 27th day of September, 2018.

Kristine G. Baker
United States District Judge